ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 JUN 17 AM 11:44
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| HEZEKIAH PAINE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV 313-029 |
| DEPUTY COMMISSIONER RALPH KEMP, et al., | ) ) ) ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-styled civil action pursuant to 42 U.S.C. § 1983 in the Northern District of Georgia. (See doc. no. 1.) He is *pro se* and currently proceeding *in forma pauperis* ("IFP"). On April 16, 2013, the Honorable Amy Totenberg, United States District Judge, dismissed two Defendants and transferred the action and its remaining claims to the Southern District of Georgia. (Doc. no. 16.) Accordingly, on May 8, 2013, the Court reviewed Plaintiff's complaint in conformity with the IFP statute. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). Because of pleading deficiencies, the Court ordered Plaintiff to amend his complaint, gave him thirty (30) days to comply, and cautioned that failure to amend his complaint would result in a recommendation of dismissal of this case. (Doc. no. 19.) Plaintiff failed to respond.

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'"

Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, "dismissal without prejudice [is] appropriate" pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dept., 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, the Court clearly ordered Plaintiff to amend his complaint within thirty days of its May 8, 2013 Order, and it warned Plaintiff that, in the event he failed to do so, his case would be dismissed without prejudice. (See doc. no. 19, pp. 4, 6.) Plaintiff's failure to comply with the terms of that Court Order, or even to provide the Court with an explanation for his failure to amend his complaint, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

of monetary sanctions is not a feasible sanction.

The Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2]  See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993).  Thus, as noted above, the Court is simply recommending dismissal without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of June, 2013, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

---

[2]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits.  See Fed. R. Civ. P. 41(b).

3